UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DAVID ANDREW RODENBECK,

    Plaintiff,

  v.                                   Case No.: 2:17-cv-889
                                        JUDGE GEORGE C. SMITH
                                        Magistrate Judge Deavers

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.


**OPINION AND ORDER**

This matter is before the Court upon Defendant Nationwide Mutual Insurance Company's Motion to Dismiss under Rule 12(b)(6) for failure to state claim upon which relief can be granted ("Motion to Dismiss") (Doc. 6). The motion is fully briefed and ripe for disposition. For the following reasons, Nationwide's Motion to Dismiss is **GRANTED**.

### I.    BACKGROUND

Plaintiff David Andrew Rodenbeck was a contractor on assignment at Nationwide from September 2016 through October 2017. (Doc. 1, Compl. at 4). Plaintiff alleges that he has a disability that can "affect [his work] performance." (*Id.* at 5). According to Plaintiff, Nationwide failed to make accommodations for his disability as required by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA") (*Id.* at 4–5).

Plaintiff filed this action against Nationwide on October 11, 2017. The following day, he filed a timely charge of discrimination with the Ohio Civil Rights Commission (the "OCRC"). (Doc. 9, Charge of Discrimination). That charge remains pending before the OCRC.

On November 7, 2017, Nationwide filed this Motion to Dismiss under Rule 12(b)(6) arguing Plaintiff failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. §§ 12117 and § 2000e-5(e). (Doc. 6, Mot. to Dismiss). Plaintiff's Memorandum in Opposition states only that Plaintiff filed a timely charge with the OCRC, but does not dispute that he has not received a right-to-sue letter. (Doc. 9, Mem. in Opp. at 1).

## II. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Nationwide brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading

must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

It is well-settled that before bringing an ADA claim in this Court, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5; *see also Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) ("The exhaustion of administrative remedies is a condition precedent to an ADA action."). To exhaust administrative remedies for an ADA claim, a plaintiff must first timely file a charge of disability discrimination with the Equal Opportunity Employment Commission and/or the OCRC. 42 U.S.C. § 2000e-5(e); *Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002). Only after the administrative body dismisses the charge and issues a right-to-sue letter can a plaintiff then file a civil action. *Id.* at 352, citing 42 U.S.C. § 2000e-5(f)(1). When a plaintiff "files suit prior to receiving a right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n.10 (6th Cir. 2003).

This is the precise situation now before the Court. Plaintiff has filed a charge of discrimination with the OCRC, but the OCRC has not yet completed its investigation of Plaintiff's charge and therefore has not yet issued a right-to-sue letter. For this reason, Plaintiff did not and is unable to allege in his Complaint that he has exhausted his administrative remedies before filing suit as required by the ADA. This action is therefore premature and must be dismissed. However, Plaintiff may "return to the administrative process, await a right to sue letter, and subsequently re-file the action." *Mitchell*, 343 F.3d at 821 n.10.

## IV. CONCLUSION

For the foregoing reasons, Nationwide's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

The Clerk shall remove Document 6 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

          */s/ George C. Smith*
          **GEORGE C. SMITH, JUDGE**
          **UNITED STATES DISTRICT COURT**